**No. 50019.**—Petition 6430–R of Rene Weil (New York).

Opinion by LAWRENCE, J.    The importer filed an appeal for reappraisement but found it impracticable to procure evidence and accordingly abandoned the appeal which was subsequently dismissed.    When this case was called for trial Mr. Heinrich Meyer, witness for the petitioner, testified that he bought the merchandise in question and paid the price represented on the invoice.    Although the invoice conspicuously disclosed two prices, it is obvious from the entire record that the witness entered at the purchase price rather than at the home consumption value.    He further stated that he had authorized his broker to make entry herein; that he gave no instructions as to the market value or the price at which to enter beyond the information contained in the invoice; and that he had no intention of deceiving the appraiser, concealing information, or of attempting to clear the goods through the customs at less than the correct amount of duty. The Government examiner testified that prior to appraisement the importer was requested to come to the appraiser's office; that said Mr. Meyer appeared but gave no explanation for the difference between the two prices shown on the invoice; and that no request was made to amend the entry.    The Government contends that the petition should be denied because the importer made "no attempt to determine or ascertain the true statutory value of the merchandise."    *D. S. Walton & Co.* v. *United States* (16 Ct. Cust. Appls. 100, T. D. 42756) and *Hensel Bruckmann & Lorbacher* v. *United States* (13 id. 498, T. D. 41377) cited.

From an examination of the entire record the court held that in this case the "home consumption" price was as conspicuously displayed on the invoice as was the "invoice unit" price upon which the importer made entry.    With this information plainly before the appraiser, the court was of the opinion that the entry of the merchandise at a less value than that returned on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise.    The petition was therefore granted.

BEFORE THE THIRD DIVISION, FEBRUARY 14, 1945

**No. 50020.**—Protests 803895–G, etc., of T. G. McGonigal et al. (Mobile, etc.).

Opinion by CLINE, J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50021.**—Protests 108176–K, etc., of Q. W. Lung Co. et al. (Boston, etc.).

Opinion by CLINE, J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.